E-FILED
Friday, 16 October, 2020  11:07:43 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| THOMPSON TRACTOR CO. INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No.  2:20-cv-02210 |
| | ) |
| DAILY EXPRESS INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER & OPINION

This matter is before the Court on a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6) and, alternatively, to transfer venue under 28 U.S.C. § 1404(a) filed by Defendant Daily Express, Inc. (Docs. 6, 7). Plaintiff Thompson Tractor Co., Inc., has responded (docs. 12, 13), so the Motion is ripe for review. For the following reasons, the Motion is denied.

### BACKGROUND[1]

In May 2019, Plaintiff, an Alabama corporation, agreed to deliver an industrial-grade generator manufactured by Caterpillar to a purchaser and solicited Defendant, a Pennsylvania corporation, to transport the generator from Caterpillar's facility in East Peoria, Illinois, to the purchaser's jobsite in Huntsville, Alabama. (Doc. 1 at 2; Doc. 3). On May 20, 2019, one of Defendant's employees received the generator at the Caterpillar facility in good working order and condition, but when

---

[1] The facts in this section are derived from the Complaint and the attached exhibit and taken as true at this stage of the proceedings.

the generator arrived at the Alabama jobsite, it was damaged to the tune of $202,631.66. (Doc. 1 at 2). Plaintiff therefore filed the instant Complaint, alleging a violation of the Carmack Amendment, 49 U.S.C. § 14706, breach of bailment, and breach of contract. (Doc. 1 at 2–3).

DISCUSSION

Defendant makes many challenges to the Complaint under Rule 12, including challenges to jurisdiction, venue, and factual sufficiency. In the alternative, Defendant seeks a change in venue, invoking 28 U.S.C. § 1404(a). The Court will address each argument in turn.

## I.    Jurisdiction

First and foremost, the Court must ensure jurisdiction lies.

### A.    *General Jurisdiction*

Defendant's argument about general jurisdiction is puzzling because it is unclear what exactly it is challenging. To the extent it challenges the Court's subject matter jurisdiction, the Complaint states subject matter jurisdiction lies under 28 U.S.C. § 1331 ("[D]istrict courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."). (Doc. 1 at 1). Section 1331 confers federal question jurisdiction, and Count I of the Complaint alleges a violation of federal law: the Carmack Amendment, 49 U.S.C. § 14706. In addition, 28 U.S.C. § 1337 confers subject matter jurisdiction "of an action brought under section . . . 14706 of title 49 . . . if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs." As stated, Count I is brought under § 14706, and the amount in controversy exceeds $10,000 (*see* doc. 1 at 3). Finally, the Carmack

2

Amendment itself states: "A civil action under this section may be brought in a United States district court or in a State court." § 14706(d)(3). In sum, the Court's subject matter jurisdiction is sound.[2]

To the extent Defendant's argument challenges this Court as a proper forum (*see* doc. 7 at 3 (discussing the Carmack Amendment's special venue provisions in § 14706(d))), such an argument goes to the question of venue, not jurisdiction. *See* Arthur R. Miller, 14D Fed. Prac. & Proc. Juris. § 3801 (4th ed. 2019) ("[S]ubject matter jurisdiction addresses whether a dispute may be heard by a federal court at all. If so, venue then determines which federal court—usually meaning which federal district—should hear the case.").

B.    *Personal Jurisdiction*

Next, Defendant cursorily challenges personal jurisdiction. (Doc. 7 at 4). Defendant acknowledges the shipment at issue originated in this judicial district but contends that is insufficient to establish " 'regular and systematic contacts' with the State of Illinois." (Doc. 7 at 4).

1.  **Legal Standard**

Once a defendant challenges personal jurisdiction, the plaintiff bears the burden of demonstrating personal jurisdiction lies. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392 (7th Cir. 2020). "The precise nature of the plaintiff's burden depends upon whether an evidentiary hearing has been held." *Id.* (quoting *Purdue*

---

[2] For the reasons discussed in Part III(C), *infra*, subject matter jurisdiction as to Plaintiff's state-law breach of bailment and breach of contract claims need not be addressed.

3

*Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)). Where, as here, the district court declines to hold an evidentiary hearing on the issue of personal jurisdiction, "the plaintiff bears only the burden of making a prima facie case for personal jurisdiction." *Id.* (quoting *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423 (7th Cir. 2010)). Further, the plaintiff's allegations are taken as true and factual disputes are resolved in the plaintiff's favor. *uBID*, 623 F.3d at 423–24.

"In a case involving federal question jurisdiction, a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Curry*, 949 F.3d at 393 (internal quotation marks omitted). As the Carmack Amendment does not itself authorize service of process, the Court "may exercise jurisdiction over [the defendant] in this case only if authorized both by Illinois law and by the United States Constitution." *Id.* (quoting *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011)). The Illinois long-arm statute, 735 ILCS 5/2-209(c), "permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause." *Id.* (internal quotation marks omitted). So, the instant question is "whether the exercise of personal jurisdiction over [Defendant] comports with the limits imposed by federal due process." *Id.* (internal quotation marks omitted).

"Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (internal quotation marks omitted);

4

*see also Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945). Since its seminal decision in *International Shoe*, the Supreme Court has "recognized two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1779–80 (2017). Plaintiff argues specific personal jurisdiction lies in this case (doc. 13 at 4–5), and as Plaintiff notes, Defendant's argument fails to account for the possibility of specific jurisdiction (*see* doc. 7 at 4).

To invoke specific personal jurisdiction, "there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) (alterations in original). Supreme Court precedent has established three "essential requirements" to exercise specific personal jurisdiction:

> First, the defendant's contacts with the forum state must show that it "purposefully availed [itself] of the privilege of conducting business in the forum state or purposefully directed [its] activities at the state. Second, the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities. And finally, any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice.

*Curry*, 949 F.3d at 398 (quoting *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019)) (alterations in original).

## 2. Specific Personal Jurisdiction Lies

This case involves a straightforward application of the rules for specific personal jurisdiction. Defendant—whose advertisements state it serves the freight

regions of Illinois, Iowa, Southeast Missouri and Southwest Indiana—agreed to transport a generator located in East Peoria, Illinois. (Docs. 1 at 2; 13 at 5–6). It then dispatched an employee (seemingly from Kentucky (*see* doc. 13 at 9)) to receive and load the generator in East Peoria and then transport it from East Peoria to Huntsville, Alabama. (Docs. 1 at 2; 3). These contacts demonstrate Defendant directed its activities at this state and purposefully availed itself of the privilege of conducting business within this judicial district.[3] *Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 835 (N.D. Ill. 2004) (finding sufficient contacts with the forum where the defendants "accepted the business of transporting [the plaintiff's] belongings out of the forum" and then "entered the [forum] to pick up [the plaintiff's] belongings"); *Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[A]lthough physical presence in the forum is not a prerequisite to jurisdiction, physical entry into the State—either by the defendant in person or through an agent, goods, mail, or some other means— is certainly a relevant contact." (internal citation omitted)). Indeed, having physically entered this judicial district to transport goods from this state, Defendant cannot reasonably expect not to be subject to regulations here.

---

[3] Defendant cites *Starr Indemnity & Liability Co. v. Luckey Logistics, Inc.*, No. 1:16-CV-01377, 2017 WL 2466505, at *2 (C.D. Ill. June 7, 2017), for the proposition that a general allegation the defendant corporation operates in the forum is insufficient to establish personal jurisdiction. (Doc. 7 at 4). However, where, as here, the plaintiff identifies specific contacts with the forum which demonstrate the defendant corporation has directed its activities at the forum and purposefully availed itself of the privilege of conducting business in the forum, personal jurisdiction may lie. *See Curry*, 949 F.3d at 398. The plaintiff in *Starr* failed to make any such allegations. 2017 WL 2466505, at *2 ("However, Plaintiff has not alleged that Defendant Affton operates in the Central District of Illinois.").

Furthermore, Plaintiff's injury, as alleged, clearly arose from Defendant's forum-related activities, namely its receipt and transport of the generator in and from East Peoria. That it is unclear where exactly the generator was damaged is of no moment; had Defendant not agreed to transport the generator from East Peoria, the generator could not have been damaged while in its care.

Finally, exercising personal jurisdiction over Defendant "does not offend traditional notions of fair play and substantial justice," *International Shoe*, 326 U.S. at 316. "[A]s long as the plaintiff has made a threshold showing of minimum contacts, that showing is generally defeated only where the defendant presents a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Curry*, 949 F.3d at 402. Defendant has not made this showing. Though not headquartered in Illinois, Defendant holds itself out as conducting its transportation business in Illinois, a business which requires physical presence in Illinois every time it accepts a contract transporting cargo originating in Illinois. And its actual, physical presence here in connection with the shipment at issue justifiably exposes it to, at the very least, specific personal jurisdiction. *Burnham v. Superior Court of Cal., Cty. of Marin*, 495 U.S. 604, 619 (1990) ("The short of the matter is that jurisdiction based on physical presence alone constitutes due process because it is one of the continuing traditions of our legal system that define the due process standard of traditional notions of fair play and substantial justice." (internal quotation marks omitted)). As in *Curry*, 949 F.3d at 402, and *Illinois v. Hemi Group LLC*, 622 F.3d 754, 760 (7th Cir. 2010), Defendant "wants to have its cake and eat it, too: it wants

7

the benefit of a [regional] business model with none of the exposure." Personal jurisdiction lies.

## II.    Motion to Dismiss under Rule 12(b)(3) – Venue

Defendant next argues venue is not proper in this district. (Doc. 7 at 4–8). Elsewhere in its Motion, Defendant argues the court lacks jurisdiction based on the Carmack Amendment's special venue provisions (doc. 7 at 2–4), which the Court also interprets as a venue challenge. Plaintiff argues venue is proper under both the Carmack Amendment and the general venue statute, 28 U.S.C. § 1391. (Doc. 13 at 6–8).

### A.    *Carmack Amendment Venue Provisions*

The Carmack Amendment contains certain special venue provisions:

(1) Against delivering carrier. A civil action under this section may be brought against a delivering carrier in a district court of the United States or in a State court. Trial, if the action is brought in a district court of the United States is in a judicial district, and if in a State court, is in a State through which the defendant carrier operates.

(2) Against carrier responsible for loss. A civil action under this section may be brought against the carrier alleged to have caused the loss or damage, in the judicial district in which such loss or damage is alleged to have occurred.

49 U.S.C. § 14706(d)(1)–(2). "The basic thrust of these provisions is that the operations of the carrier or the locus of the injury, not the residence or place of business of the plaintiff, determines where a plaintiff may sue." *Winona Foods, Inc. v. Timothy J. Kennedy, Inc.*, No. 07-C-1003, 2008 WL 2570600, at *4 (E.D. Wis. June 26, 2008).

According to Defendant, the Complaint is deficient because it does not specify whether it is being sued as a delivering carrier or a carrier responsible for loss. (Doc. 7 at 2–4). The Complaint alleges Defendant was contracted to transport a generator from East Peoria, Illinois, to its destination in Huntsville, Alabama, and that it is responsible for damage the generator allegedly incurred along the way. (Doc. 1 at 2). The Court does not read the absence of a specific allegation as to whether there were other carriers involved as an oversight; rather, the absence, when taken with the remainder of the Complaint, simply indicates no other carrier was involved. Indeed, the Complaint alleges: "Defendant failed to *deliver* the Generator in the same good order and condition in which it was received by Defendant." (Doc. 1 at 2 (emphasis added)). Moreover, the bill of lading, attached as an exhibit to the Complaint, indicates the same person, Dan Gladu, onloaded *and* offloaded the generator. (Doc. 3). These allegations clearly indicate Defendant was the delivering carrier. *See S.C. Johnson & Son, Inc. v. Louisville & Nashville R. Co.*, 695 F.2d 253, 256 (7th Cir. 1982) (noting the delivering carrier is the "carrier delivering the goods to the final destination").

As Defendant was undoubtedly the delivering carrier, the Carmack Amendment permits venue in any judicial district "through which the defendant carrier operates." § 14706(d)(1). Defendant clearly operated within this judicial district when it entered this district, loaded and received the generator, and then transported it through and out of this district. *See Ponce De Leon Hosp. Corp. v. Avalon Logistics, Inc.* 117 F. Supp. 3d 124, 130 (D.P.R. 2015) (finding venue proper

9

under § 14706(d)(1) when the carrier transported the goods at issue through the district); *Donaldson Tech. Grp. LLC. v. Landstar Ranger, Inc.*, 347 F. Supp. 2d 525, 527 (S.D. Ohio 2004) (stating venue would be proper under § 14706(d)(1) in a district though which the carrier passed while delivering the goods at issue). Thus, venue is proper under § 14706(d)(1).

B.    *General Venue Provisions*

Plaintiff further argues venue is proper under 28 U.S.C. § 1391, the general venue statute. The undersigned previously held the Carmack Amendment's special venue provisions are permissive, not restrictive, meaning the Carmack Amendment's special venue provisions merely supplement our general venue statute. *Starr*, 2017 WL 2466505, at *3–*4. A plaintiff may therefore establish venue under § 1391 regardless of whether the forum is permissible under the Carmack Amendment. *Id.*

Section 1391(b)(1) permits venue in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]"

> For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State[.]

§ 1391(d). As there is one Defendant in this action and as the State of Illinois contains three judicial districts, venue is proper in this district if Defendant's "contacts would be sufficient to subject it to personal jurisdiction if [the Central District of Illinois] were a separate State." *Id.* The Court has concluded personal jurisdiction lies, and all contacts with the State of Illinois used to make that determination were contacts

10

within this judicial district. *See* Part I(b)(2) *infra*. Accordingly, venue is also proper under § 1391(b)(1).

## III.  Motion to Transfer Venue under 28 U.S.C. § 1404(a)

Alternative to its motion to dismiss for improper venue, Defendant asks the Court to transfer venue to the Middle District of Pennsylvania. (Doc. 7 at 8–13).

Congress partially codified the common law *forum non conveniens* doctrine in § 1404(a), which states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *See also Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 894 (7th Cir. 2018) ("[Section] 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." (internal quotation marks omitted)). Faced with a motion to transfer venue under § 1404(a), a district court "must evaluate both the convenience of the parties and various public-interest considerations." *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 708 (7th Cir. 2020) (quoting *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62 (2013)).

A.    *Propriety of Venue in Transferee Court*

Defendant asks the Court to transfer this case to the Middle District of Pennsylvania, the district within which it is headquartered.[4] As the location where Defendant is organized and headquartered, the Middle District of Pennsylvania would be a proper venue under §§ 1391(b)(1), (d).[5] Plaintiff does not appear to dispute this fact. (*See* doc. 13 at 7–10).

B.    *Convenience of the Parties and Witnesses*

"With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses[ ] and each party's access to and distance from resources in each forum[; o]ther related factors include the location of material events and the relative ease of access to sources of proof." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (citations omitted). Additionally, a plaintiff's choice of forum is typically entitled to great weight. *Deb v. SIRVA, Inc.*, 832 F.3d 800, 806 (7th Cir. 2016) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.")). "When a plaintiff's choice is not his home forum, however, the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is in such cases

---

[4] Defendant also identifies the Northern District of Alabama as a potential transferee court but makes no argument this case ought to be transferred there. (Doc. 7 at 8–13).

[5] Defendant's choice of venue is noteworthy given its insistence this Court lacks "general jurisdiction," read: is an improper venue, under the Carmack Amendment. (Doc. 7 at 3). Were the Court to accept Defendant's flawed analyses, the Middle District of Pennsylvania would likewise not be a proper venue because the loss could not possibly have occurred there.

'less reasonable.' " *Id.* (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007)). This assumption is due to the "risk that the chosen forum really has little connection to the litigation." *Id.* (internal quotation marks omitted).

This district is not Plaintiff's home forum, as Plaintiff is headquartered in Alabama. However, this district has significant connections to the controversy at hand. Not only did the shipment at issue originate here, but when the damage to the generator was discovered by the purchaser, it was shipped back to this district to be inspected, repaired, and reshipped to the purchaser. (Doc. 13 at 9). A "substantial amount" of Plaintiff's witnesses work or reside in this district. (*Id.*). Accordingly, the reasons to mitigate the weight afforded to Plaintiff's choice of a forum other than its home forum do not apply to this case, and the Court therefore affords great weight to Plaintiff's choice, which also happens to be the most convenient forum for many, if not most, of its witnesses.

Similarly, this forum appears to be more convenient to Defendant's arguably most important witness: the individual responsible for loading, transporting, and delivering the generator. This individual allegedly resides not in Pennsylvania but in Caneyville, Kentucky, which is significantly closer to this district than the Middle District of Pennsylvania. (Doc. 13 at 9).

While the Court is sympathetic to the fact this district may not be the most convenient forum for all witnesses—specifically, Plaintiff's and Defendant's expected corporate witnesses who are located in Alabama and Pennsylvania, respectively—the Court does not find the distance unduly burdensome. *See Bd. of Trustees, Sheet Metal*

*Workers' Nat. Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000) ("Easy air transportation, the rapid transmission of documents, and the abundance of law firms with nationwide practices, make it easy these days for cases to be litigated with little extra burden in any of the major metropolitan areas."). While Peoria is by no means a major metropolitan area, Defendant acknowledges there is air service between Harrisburg, Pennsylvania,[6] and Peoria. Further, it appears much of the evidence will be documentary, so the sources of proof can easily be exchanged via mail and/or electronic methods. And, as Plaintiff notes, it is possible to conduct depositions in locations more convenient to the witnesses.

Though the burden lies with Defendant, Plaintiff has demonstrated its choice of forum, already entitled to significant weight, is the most convenient forum for it with regard to this case; to transfer this case to the Middle District of Pennsylvania would be to "merely transform[ ] an inconvenience for one party into an inconvenience for the other party," *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995), which Defendant recognizes is improper (*see* doc. 7 at 12). The privilege of conducting business in multiple states carries with it the risk of being haled into court outside one's home forum.

C.   *Interests of Justice*

The "interests of justice prong" requires consideration of several factors, including "docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the

---

[6] According to Google Maps, Harrisburg is an approximately 30-minute drive from Defendant's headquarters in Carlisle, Pennsylvania.

respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Ryze*, 968 F.3d at 708 (internal quotation marks omitted).

Based on Defendant's submission (doc. 7 at 12–14), considerations of docket congestion, speed to trial in the transferor and potential transferee forums, and each court's relative familiarity with the relevant law do not tip the scales in favor of either venue. The average amount of time between filing to disposition is nearly the same for both the Central District of Illinois and the Middle District of Pennsylvania; similarly, the districts appear to be equally familiar with the relevant law.

As discussed above, this district has significant ties to the controversy, whereas the only tie the Middle District of Pennsylvania has to this controversy is Defendant's residency there. While documents related to the shipment are undoubtedly housed at Defendant's headquarters, no actual event related to Plaintiff's claim occurred there, rendering this district's relationship to the controversy stronger. As this district has a stronger relationship to the controversy, it makes more sense to resolve the case in this forum than in the Middle District of Pennsylvania.

D.    *Summation*

The relevant considerations overwhelmingly favor this forum over the Middle District of Pennsylvania. Consequently, Plaintiff's request to transfer venue pursuant to § 1404(a) must be denied.

## IV.    Motion to Dismiss under Rule 12(b)(6)

Lastly, Defendant argues Plaintiff has failed to state a claim upon which relief can be granted.

A.    *Legal Standard*

To survive dismissal pursuant to Rule 12(b)(6), the complaint must contain a short and plain statement of the plaintiff's claim sufficient to plausibly demonstrate entitlement to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff is not required to anticipate defenses or plead extensive facts or legal theories; rather, the complaint must merely contain enough facts to present a story that holds together. *Twombly*, 550 U.S. at 570; *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). The Seventh Circuit has consistently noted the essential function of Rule 8(a)(2) is to put the defendant on notice. *Divane v. Nw. Univ.*, 953 F.3d 980, 987 (7th Cir. 2020) ("A complaint must give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." (internal quotation marks omitted)).

On review of a Rule 12(b)(6) motion, the Court construes the complaint in the light most favorable to the plaintiff. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018). This means the Courts accepts all well-pleaded factual allegations as true and draws all reasonable inferences from those facts in favor of the plaintiff. *Id.* Allegations that are, in reality, legal conclusions are not taken as true and cannot survive a Rule 12(b)(6) challenge. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012).

B.   *Carmack Amendment Claim*

Count I of Plaintiff's Complaint alleges a claim under the Carmack Amendment. Defendant argues this claim is deficient because the Complaint does not contain allegations evincing a written claim regarding the alleged damage prior to the initiation of the instant lawsuit; according to Defendant, such a claim is a condition precedent to a lawsuit. (Doc. 7 at 15–16).

The Carmack Amendment was enacted to cure "a number of maladies that had afflicted the market for the interstate shipment of goods." *REI Transp., Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 697 (7th Cir. 2008). It "created a nationally uniform rule of carrier liability concerning interstate shipments. Since its enactment, a carrier of an interstate shipment is liable to the person entitled to recover under the receipt or bill of lading, plain and simple." *Id.* (internal quotation marks omitted). To prevail on a claim under the Carmack Amendment, a plaintiff must ultimately prove "(1) delivery in good condition; (2) arrival in damaged condition; and (3) the amount of damages" before "the burden shifts to defendant to show both that it was free from negligence and that the damage to the cargo was due to one of the excepted causes relieving the carrier of liability." *Id.* at 699 (internal quotation marks omitted). Plaintiff's Complaint contains factual allegations supporting each of these elements (doc. 1 at 2), and when taken as true, plausibly demonstrate it can carry its burden to obtain relief under the Carmack Amendment.

The written-claim issue is less straightforward. As the Seventh Circuit has concluded the regulation mandating a written claim and its form, 49 C.F.R. § 1005.2(a), (b), does not apply to contested claims, *Wisconsin Packing Co. v. Indiana*

*Refrigerator Lines, Inc.*, 618 F.2d 441, 445 (7th Cir. 1980), it is unclear whether a written claim of the type described by Defendant was required in this case. *See also Ace Motors, Inc. v. Total Transp., Inc.*, No. 08-C-1552, 2009 WL 2031780, at *2 (N.D. Ill. July 10, 2009) ("The Carmack Amendment, itself, neither requires written claims nor imposes any other restrictions on the form of notice. . . . [S]uch a deadline or notice requirement should be set out in the bill of lading or some other contract in order to bind the shipper." (internal quotation marks omitted)). *Contra e.g.*, *Siemens Power Transmission & Distribution, Inc. v. Norfolk S. Ry. Co.*, 420 F.3d 1243, 1250 (11th Cir. 2005) (gathering cases and holding the regulation mandating a written claim and its form applies to both contested and voluntarily resolved claims).

Moreover, most cases turning on the written-claim requirement involved a bill of lading containing a provision requiring a shipper to file a written claim with the carrier as a condition precedent to recovery under the Carmack Amendment, which courts enforce under contract principles. *See, e.g.*, *id.* at 1246 n.2; *S & H Hardware & Supply Co. v. Yellow Transp., Inc.*, No. 02-CV-9055, 2004 WL 1551730, at *2 (E.D. Pa. July 8, 2004), *aff'd*, 432 F.3d 550 (3d Cir. 2005). The bill of lading here contains a different requirement; it states: "All damage MUST be noted on BOL prior to truck leaving – include detailed information including location/description/pictures/videos. Damage not noted on BOL is assumed to have happened after delivery and will not be the responsibility of Caterpillar or the transportation company." (Doc. 3 (emphasis in original)). Absent from this language is a requirement the shipper file a written

claim for damages with the carrier; rather, this language places the onus on the recipient/purchaser.

Given the lack of clarity whether Plaintiff was under any obligation to file a written claim with Defendant prior to seeking relief under the Carmack Amendment in court, allegations of such need not appear in the Complaint. *See Ace Motor*s, 2009 WL 2031780, at *2 (denying a motion to dismiss for failure to comply with a written-claim requirement). At this stage in the proceedings, Plaintiff need only present a short and plain statement which plausibly demonstrates entitlement to relief; Plaintiff need not plead extensive theories or anticipate defenses,[7] *Twombly*, 550 U.S. at 555–57, 570, nor must it plead facts to match every element of a legal theory, *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510–15 (2002). As stated, the Complaint, taken as true, puts Defendant on notice of Plaintiff's claim and the grounds therefor. Accordingly, the Court finds the Carmack Amendment claim comports with Rule 8(a) and survives Defendant's challenge under Rule 12(b)(6).

## C.   State-Law Claims

Finally, Defendant argues Plaintiff's state-law claims for breach of bailment (Count II) and breach of contract (Count III) are preempted by the Carmack Amendment. (Doc. 7 at 16–18). Plaintiff responds by seeking leave to dismiss Counts II and III. (Doc. 13 at 11). Federal Rule of Civil Procedure 41(a)(1)(A)(i) permits a Plaintiff to dismiss a cause of action without a court order by filing "a notice of

---

[7] Notably, the Sixth Circuit has determined satisfaction of a written-claim requirement is an element to a plaintiff's claim rather than an affirmative defense. *Ford Motor Co. v. Transp. Indem. Co.*, 795 F.2d 538, 547 (6th Cir. 1986).

dismissal before the opposing party serves either an answer or a motion for summary judgment." As Defendant has filed neither an answer nor a motion for summary judgment, the Court construes the relevant portion of Plaintiff's Response as a notice under Rule 41(a)(1)(A)(i), the filing of which effectively dismissed Counts II and III without prejudice, *see* Rule 41(a)(2).

CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion for dismissal under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6) and, alternatively, to transfer venue under 28 U.S.C. § 1404(a) (doc. 6) is DENIED; pursuant to Rule 41(a)(1)(A)(i), Counts II and III are DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Entered this 16th day of October 2020.

s/ Joe B. McDade

JOE BILLY McDADE

United States Senior District Judge

20